1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GMAC MORTGAGE, LLC FKA
     GMAC MORTGAGE CORPORATION,
11
                 Plaintiff,              No. 2:10-cv-00948 GEB KJN PS
12
            v.
13
     NICOLETTE BRUCE, MARK A.
14   BRUCE, and DOES 1 through 10,
     inclusive,
15
                 Defendant.              FINDINGS AND RECOMMENDATION
16
     _____/
17

18          Presently before the court is plaintiff's motion for an order remanding this

19   unlawful detainer action to the Superior Court of the State of California, Sacramento County

20   ("Superior Court").  (Dkt. No. 7.)  Plaintiff also seeks sanctions against defendants for removing

21   this case to federal court "for purposes of delay and without proper foundation."  Having

22   concluded that oral argument would not assist the court, the undersigned hereby submits

23   plaintiff's motion on the briefs and record on file.  See E. Dist. Local Rule 230(g).  For the

24   reasons that follow, the undersigned will recommend that plaintiff's motion be granted, but that

25   plaintiff's request for sanctions be denied.

26   ////

                                     1

1  I.      BACKGROUND

2          Plaintiff is the purchaser of real property at a trustee's sale, which is alleged to

3  have occurred in accordance with California state law.  (Verified Compl. for Unlawful Detainer

4  ("Complaint") ¶ 8, attached to Notice of Removal, Dkt. No. 1.)  Defendants's Notice of Removal

5  alleges that plaintiff is a citizen of the State of Delaware.  (Notice of Removal at 2, Dkt. No. 1.)

6  Defendants are individuals who are alleged to be holdover occupants and previous owners of the

7  subject property.  (Compl. ¶¶ 5, 9-10.)  Plaintiffs are residents of the State of California.  (Notice

8  of Removal at 2.)

9          Following the trustee's sale and perfection of plaintiff's title to the subject

10 property, plaintiff alleges that it served defendants with a three-day "Notice to Quit," which

11 required defendants to, among other things, deliver possession of the premises to plaintiff.

12 (Compl. ¶ 9.)  Plaintiff alleges that defendants remain in possession of the property.  (Id. ¶ 10.)

13         On April 15, 2010, plaintiff filed a single-claim Verified Complaint for Unlawful

14 Detainer in the Superior Court, seeking: (1) restitution and possession of the property in question,

15 (2) damages at a rate of $90.00 per day from April 13, 2010 until the date of judgment, and (3) an

16 order to terminate any existing lease that permits defendants to occupy the property.  (Compl.

17 at 3.) The caption of the Complaint states the following: "DEMAND IS LESS THAN $10,000.00

18 (LIMITED CIVIL CASE)."  (Id. at 1.)  On April 20, 2010, defendants removed the unlawful

19 detainer action to this court on the grounds that this court had jurisdiction over the action based

20 on federal question jurisdiction, diversity jurisdiction, and jurisdiction based on the National

21 Bank Act.[1]  (See Notice of Removal, Dkt. No. 1.)

22         On July 14, 2010, plaintiff filed the pending motion for a remand order.[2]  (Dkt.

23

24      [1] On July 12, 2010, defendants filed an answer to the Complaint.  (Dkt. No. 6.)

25      [2] Plaintiff initially attempted to seek an ex parte order remanding this matter to the
   Superior Court.  (Dkt. No. 4.)  That improper request for ex parte relief was stricken by the court
26 sua sponte.  (Dkt. No. 5.)

2

1    No. 7.)  Defendants filed a timely written opposition, which argued only that plaintiff's motion

2    for remand was untimely under 28 U.S.C. § 1447(c).[3]  (Dkt. No. 11.)

3    II.    DISCUSSION

4           A.    Motion for Remand

5                  As noted above, defendants removed this action to federal court on the basis of

6    this court's federal question jurisdiction, diversity jurisdiction, and jurisdiction premised on the

7    National Bank Act, 12 U.S.C. §§ 38 et seq.  For the reasons that follow, none of these supplies a

8    proper basis for removal.

9                  In relevant part, the federal removal statute provides:

10                 (a) Except as otherwise expressly provided by Act of Congress, any civil
                   action brought in a State court of which the district courts of the United
11                 States have original jurisdiction, may be removed by the defendant or the
                   defendants, to the district court of the United States for the district and
12                 division embracing the place where such action is pending. . . .

13                 (b) Any civil action of which the district courts have original jurisdiction
                   founded on a claim or right arising under the Constitution, treaties or laws
14                 of the United States shall be removable without regard to the citizenship or
                   residence of the parties. Any other such action shall be removable only if
15                 none of the parties in interest properly joined and served as defendants is a
                   citizen of the State in which such action is brought.
16

17   28 U.S.C. § 1441(a), (b).  "The defendant bears the burden of establishing that removal is

18   proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir.

19   2009).  "The removal statute is strictly construed against removal jurisdiction," id., and removal

20   jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first

21   instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir.

22   2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

23                 Before addressing the specific bases for jurisdiction proffered by defendants, the

24

25          [3]  Defendants also filed several affidavits in support of their opposition brief.  With
     respect to the issue of federal subject matter jurisdiction, defendants' affidavits convey several
     general principles of law relating to subject matter jurisdiction and removal jurisdiction, but do
26   not provide any facts that materially affect the resolution of the pending motion.

1  undersigned briefly addresses defendants' argument that plaintiff's motion is untimely under 28

2  U.S.C. § 1447(c).  Section 1447(c) provides, in relevant part: "A motion to remand the case on

3  the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days

4  after the filing of the notice of removal under section 1446(a).  If at any time before final

5  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

6  remanded."  28 U.S.C. § 1447(c) (emphasis added).  Here, plaintiff filed its motion for remand

7  outside of the 30-day window.  As a result, and as discussed below, it has waived any procedural

8  objections.  However, by its terms, Section 1447(c) excludes from this 30-day window motions

9  for remand on the grounds that the court lacks subject matter jurisdiction.  It is this ground that

10  serves as the basis for the undersigned's recommendation that this action be remanded to state

11  court and, accordingly, defendants' argument that plaintiff's motion for remand is untimely in its

12  entirety is unpersuasive.

13                    1.    Removal Premised on Federal Question Jurisdiction

14          Defendants' Notice of Removal asserts that removal is proper on the basis of the

15  court's federal question jurisdiction.  District courts have federal question jurisdiction over "all

16  civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. §

17  1331.  "A case 'arises under' federal law either where federal law creates the cause of action or

18  'where the vindication of a right under state law necessarily turn[s] on some construction of

19  federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002)

20  (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S.

21  1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the

22  'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

23  question is presented on the face of the plaintiff's properly pleaded complaint."  Placer Dome,

24  Inc., 582 F.3d at 1091.

25          Here, plaintiff filed an unlawful detainer action in state court premised on

26  California law.  No federal question, and thus no basis for federal question jurisdiction, appears

4

1    on the face of the Complaint.  Defendants' Notice of Removal suggests that they "allege

2    violations of FDCPA, RESPA, and TILA, all of which constitute a [*sic*] federal questions."

3    (Notice of Removal at 3.)  However, this assertion relates to potential counterclaims, which are

4    not considered in evaluating whether a federal question appears on the face of a plaintiff's

5    Complaint.  See Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (stating that federal

6    question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); see also Metro

7    Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998); Takeda v. Nw.

8    Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985).  Accordingly, federal question jurisdiction

9    does not provide a proper basis for removal.[4]

10                   2.      Removal Premised on Diversity Jurisdiction

11           Defendants also attempt to remove this case on the basis of the court's diversity

12   jurisdiction.  They contend that removal is proper in this regard because: (1) defendants are

13   residents of the State of California, (2) plaintiff is believed to be a citizen of the State of

14   Delaware, and (3) the amount in controversy is alleged by defendants to exceed $75,000.  (Notice

15   of Removal at 2.)  Defendants have not met their burden to demonstrate that the requirements of

16   the diversity jurisdiction have been satisfied.

17           District courts have diversity jurisdiction over "all civil actions where the matter

18   in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the

19   action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects

20   of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign

21   state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of

22   different States."  28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

23

24          [4]  Defendants have not provided any argument regarding why their contention that the
     National Bank Act provides this court with federal subject matter jurisdiction materially differs
25   from their argument that the court has federal question jurisdiction based on other federal statutes
     cited in their Notice of Removal.  Accordingly, the undersigned does not address this basis for
26   removal jurisdiction in any detail.

                                                  5

1  Generally, in an action where subject matter jurisdiction is premised on the

2  diversity statute, there must be complete diversity of the parties, which means that all of the

3  plaintiffs have a different state of citizenship than all of the defendants.  See, e.g., Cook v. AVI

4  Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008).  Here, it is unclear from the Notice of

5  Removal whether plaintiff is indeed a citizen of the State of Delaware.  Neither party has

6  clarified this fact for the court.

7  In any event, even assuming that the parties are completely diverse, this court

8  lacks diversity jurisdiction over this matter because defendants have failed to demonstrate that

9  the amount in controversy exceeds $75,000.  When a state court complaint affirmatively alleges

10  that the amount in controversy is less than the jurisdictional threshold, the party seeking removal

11  must prove with "legal certainty" that the jurisdictional amount is met.  See Lowdermilk v. U.S.

12  Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).

13  Here, the face of the Complaint unequivocally states that the "DEMAND IS LESS

14  THAN $10,000.00," and thus below the jurisdictional minimum.  (Compl. at 1.)  Although

15  defendants' Notice of Removal alleges that "[t]he amount in dispute exceeds the $75,000

16  required for this court to take federal question jurisdiction," defendants have not provided any

17  evidence or argument substantiating that allegation.  Moreover, plaintiff filed this unlawful

18  detainer action as a "limited civil action," which necessarily means that the "whole amount of

19  damages claimed is twenty-five thousand dollars ($25,000) or less."  Cal. Civ. Proc. Code

20  § 86(a)(4).  Furthermore, even though plaintiff seeks a daily penalty of $90 per day as part of its

21  damages, the maximum amount of such a penalty from the alleged accrual date of April 13,

22  2010, to the date of removal, April 20, 2010, would be $720.  In light of these facts, and the

23  absence of any contrary evidence or argument by defendants, the undersigned concludes that

24  defendants have not met their burden to show with "legal certainty" that this court can maintain

25  diversity jurisdiction over this action.  Accordingly, the undersigned will recommend that this

26

1   action be remanded to the Superior Court.[5]  See GMAC Mortgage, LLC v. Martinez, No. CV

2   10-02882 MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010) (unpublished)

3   (remanding unlawful detainer action to state court where plaintiff filed action as a limited civil

4   action with an affirmative demand of less than $10,000); accord Wells Fargo Bank, N.A. v.

5   Cencil, No. C-10-01169 EDL, 2010 WL 2179778, at *3 (N.D. Cal. May 27, 2010) (unpublished);

6   U.S. Bank Nat'l Ass'n v. Lasoff, No. CV 10-00235 MMM (Rcx), 2010 WL 669239, at *5 (C.D.

7   Cal. Feb. 23, 2010) (unpublished); U.S. Bank Nat'l Ass'n v. Bravo, No. CV 08-7736-GW(RCx),

8   2009 WL 210481, at *2-3 (C.D. Cal. Jan. 23, 2009) (unpublished); Deutsche Bank Nat'l Trust

9   Co. v. Sitanggang, No. 1:09cv01835 AWI DLB, 2010 WL 144439, at *2 (E.D. Cal. Jan. 11,

10  2010) (unpublished); HSBC Bank USA v. Ramirez, No. CV 08-05638-RGK (CWx), 2008 WL

11  4724055, at *2 (C.D. Cal. Oct. 21, 2008) (unpublished).

12      B.      Request for Sanctions

13          Plaintiff argues that it is entitled to an award of sanctions against defendants, who

14  are proceeding without counsel, because their removal of this case was "frivolous," in "bad

15  faith," and an "abuse of Court processes."  Plaintiff requests an award of $1,300, which consists

16  

17          [5] The undersigned does not base these findings and recommendations on the "forum
    defendant rule" contained in 28 U.S.C. § 1441(b), which plaintiff suggests renders removal
18  improper.  Pursuant to 28 U.S.C. § 1441(b), removal premised on diversity jurisdiction is limited
    in that such an action "shall be removable only if none of the parties in interest properly joined
19  and served as defendants is a citizen of the State in which such action is brought."  Although the
    Ninth Circuit Court of Appeals has held that removal premised on diversity jurisdiction is
20  improper where one of the defendants named in the action is a resident of the forum state,
    Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004), it has also
21  held that a violation of the forum defendant rule is "a waivable non-jurisdictional defect subject
    to the 30-day time limit imposed by [28 U.S.C.] § 1774(c)."  Lively v. Wild Oats Market, Inc.,
22  456 F.3d 933, 942 (9th Cir. 2006), cert. denied, 549 U.S. 1207 (2007); see also Coto Settlement
    v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (retaining jurisdiction for want of a timely
23  motion to remand); Powell v. DEF Express, Inc., 265 Fed. Appx. 672, 674 (9th Cir. 2008)
    (holding that plaintiff waived procedural objections, including one based on the forum defendant
24  rule, where the motion for remand was not filed within 30-days of removal).  Here, defendants
    are residents of the forum state, California, and thus the forum defendant rule would ordinarily
25  apply.  However, plaintiff filed its motion for remand outside of the 30-day period provided for
    in 28 U.S.C. § 1447(c) and thus waived its procedural objections.  Accordingly, the undersigned
26  does not recommend remand on the basis of the forum defendant rule.

7

1  of attorney's fees.  (Islam Decl. ¶¶ 2-4.)  The undersigned will recommend the denial of such

2  sanctions.

3          Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require

4  payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

5  removal."   The United States Supreme Court has confirmed that such an award is permissive

6  and left to the discretion of the district court, and is not automatic or even presumptive.  See

7  Martin v. Franklin Capital Corp., 546 U.S. 132, 136-40 (2005).  Indeed, in Martin, the Court held

8  that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only

9  where the removing party lacked an objectively reasonable basis for seeking removal.

10 Conversely, when an objectively reasonable basis exists, fees should be denied. "  Id. at 141.

11         Here, the undersigned cannot conclude that defendants, who are not attorneys and

12 are proceeding without counsel, lacked an objectively reasonable basis for removal.  Defendants

13 believed that subject matter jurisdiction existed by reason of their potential counterclaims, but

14 were mistaken.  Similarly, defendants failed to meet their burden to show that the amount in

15 controversy meets the jurisdictional threshold.  However, that determination was by no means

16 patently obvious, as discussed above.  Under these circumstances, the undersigned concludes that

17 sanctions would be inappropriate, if not inequitable, and will recommend that plaintiff's request

18 for sanctions be denied.

19 III.    CONCLUSION

20         Accordingly, IT IS HEREBY RECOMMENDED that:

21         1.      Plaintiff's motion to remand (Dkt. No. 7) be granted and that this matter be

22 remanded to the Superior Court of the State of California, Sacramento County.

23         2.      Plaintiff's motion for sanctions be denied.

24         These findings and recommendations are submitted to the United States District

25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

26 days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Any response to the objections shall be filed with the court and served on

all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

objections within the specified time may waive the right to appeal the District Court's order.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

(9th Cir. 1991).

        IT IS SO RECOMMENDED.

DATED:  August 4, 2010




                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE